# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:

**L. Stephen Goldblatt, ESQ.**

**No. 07-MC-0055-DRH**

## ORDER

**HERNDON, Chief Judge:**

On August 17, 2009, the Court received a letter from Mr. Goldblatt which the Court construes as a motion to vacate suspension (Doc. 34). Specifically, Goldblatt moves the Court to vacate the August 24, 2007 Order temporarily suspending him from the practice of law and striking his appearance in all cases (Doc. 1). Goldblatt asks this Court to vacate the Order and to direct the Southern District of Illinois Bankruptcy Court to strike one of its orders as well. Goldblatt states that if this Court does not comply, Goldblatt will bring "an appropriate legal action to vacate this order, seal any file" and he also reserves other rights and remedies. Based on the following, the Court denies as moot Goldblatt's motion.

Goldblatt's letter/motion contains the following points. Goldblatt contends that on August 26, 2007, (the date that he *claims* that the Order suspending him from practicing law was entered without notice), he appeared in courts in both Illinois and Missouri and according to his clients he performed excellently. Further, Goldblatt makes clear, in light of his citation to the local rules

for disciplining counsel and his argument, that he felt that he was the subject of disciplinary action. Goldblatt argues that during the time in question he had reason to be upset because of a plea agreement for witness protection being thwarted and being subjected to threats personally as was his client. He also argues that he was upset that a police report was obtained and asserts he was ultimately successful in a civil suit against the municipality that responded to his home and that generated the police report of which the Court had a copy. In addition, Goldblatt is upset that this case has been cited in three jurisdictions in the immediate St. Louis legal community and was cited in a discipline case in the bankruptcy court for the Southern District of Illinois.

As to Goldblatt's arguments, the Court notes the following. Goldblatt's appearance in all pending cases in this district (which were criminal cases to which he was assigned by the Court) was stricken by the Court without notice on August 24, 2007 subject to "a full and fair hearing as quickly as practicable concerning this matter." (Doc. 1). The Court, in its hearing on this matter, made it abundantly clear that it was acting not in a disciplinary role but pursuant to its inherent authority to protect the rights of those defendants for whom Goldblatt was appointed to have effective assistance of counsel, and that the pleadings Goldblatt had filed called into serious question his effectiveness. Moreover, Goldblatt, through his counsel, conceded that he was in need of certain medications and at the time in question was not at an appropriate therapeutic level of those medications, which caused the instability noted in the pleadings and counsel further conceded the Court's

justification for the action it took to protect the Constitutional interests of Goldblatt's clients against whom criminal charges were pending. As to the police report, it was a matter of public record at the time and the subsequent civil action, of course, had no bearing on the Court's attempt to discover what the truth was at the time it was making every effort to protect the criminal defendants' interests to whom Goldblatt was assigned.

On April 15, 2008, a quorum of the Court held a hearing on Goldblatt's motions to terminate suspension and seal file (Docs. 28 & 30). During the hearing, the quorum of the Court granted his motion to terminate suspension, directed that Goldblatt may resume his representation of clients and denied a request to seal the file. Moreover, at that hearing, Goldblatt conceded there was no authority for sealing the file. There still is no authority to seal the file. Further, the Court lacks authority to direct the bankruptcy court to strike anything from an order even if it misinterpreted this Court's action as a disciplinary one, if that is what occurred. It would be a calamitous task for this Court to chase around the country directing every court to correct every misinterpretation of its rulings. It is unfortunate that Mr. Goldblatt has suffered persons exploiting this chapter in his life, but this Court must operate by the rules and, in the context of the matters herein, with the Constitutional rights of certain persons to whom a lawyer was assigned over which those clients had no independent say in that process of selection. This Court cannot revise history nor ignore the record simply because it has caused counsel some inconvenience.

Accordingly, the Court **DENIES as moot** Goldblatt's motion to vacate suspension and further **DENIES** the other relief requested (Doc. 34).

**IT IS SO ORDERED.**

Signed this 18th day of August, 2009.


/s/      *David R Herndon*
**Chief Judge**
**United States District Court**